Moises Roverto RIVERA–
NAJARO, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 08–70294.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 18, 2011.

Andrew Taylor, Esquire, San Francisco, CA, for Petitioner.

Robbin Kinmonth Blaya, Esquire, Charles Canter, Barry J. Pettinato, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Moises Roverto Rivera–Najaro, native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the agency's finding that the threats by Rivera–Najaro's mother's ex-boyfriend against Rivera–Najaro did not rise to the level of past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000). Substantial

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence also supports the finding that Rivera–Najaro does not have a well-founded fear of future persecution because his mother, who suffered physical harm from her ex-boyfriend, has not encountered any problems on her return visits to Guatemala. *See Rodriguez–Rivera v. U.S. Dept. of Immigration and Naturalization,* 848 F.2d 998, 1006 (9th Cir.1988) (similarly-situated family members living in El Salvador undercut petitioner's claim of a well-founded fear of future persecution). Further, substantial evidence supports the finding that Rivera–Najaro does not have a well-founded fear of future persecution based on his father's former involvement with the civil patrol because there is no evidence he would be targeted specifically. *See Halim v. Holder,* 590 F.3d 971, 977 (9th Cir.2009) (the record does not compel a ten percent chance of future persecution). Accordingly, Rivera–Najaro's asylum claim fails.

Because Rivera failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.